CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 14 2016
JULIA G. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MARSHA LAMBERT MAINES, | ) | |
| | ) | Civil Action No. 3:16CV00075 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | Hon. Glen E. Conrad |
| COMMONWEALTH OF VIRGINIA, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

Marsha Lambert Maines commenced this action by filing a pro se complaint on October 7, 2016.* She names as defendant the Commonwealth of Virginia. Maines has not paid the filing fee, but will be granted leave to proceed in forma pauperis for the purpose of initial review of her complaint. For the following reasons, the court concludes that the action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Background

The plaintiff's complaint, which is styled as a "habeas corpus ad subjiciendum," is difficult to follow. After quoting from several Second Amendment decisions by the Supreme Court of the United States and the Supreme Court of Virginia, Maines states as follows:

> The injured parties seek the Release of her Commercial Instrument and PERSON from the effective 'custody' of the Administrative Agencies and district courts of the Commonwealth of Virginia and each of their Employees, their Persons, and Expressly Rebuts any Presumption or Assumptions that the Aggrieved is not a Natural Woman flesh and blood flowing with Inherent Inalienable Rights from her Creator.

---

* Along with the complaint, Maines filed a number of exhibits containing personal identifiers. The court will grant Maines' motion to seal the exhibits.

> "I am" and they, do not consent to third party Trustees usurping all lawful means of acquiring Remedy at Law by the Supreme law of Virginia, all Treaties, Constitutions, and any disclosed or undisclosed Private Contracts held or made by or between third parties, as the only bona fide Source and Secured Party in interest.

Compl. 13-14. Maines requests that the court issue a writ of "mandamus" requiring the following state entities to perform their "ministerial duties": the Virginia Workers Compensation Commission, the Virginia Department of Social Services, the Frederick County Court System, the Rappahannock County General District Court, and the Virginia State Police. Id. at 14-19.

On the accompanying civil cover sheet, Maines indicates that she is invoking the court's diversity jurisdiction. Maines then states that she is asserting causes of action under the Constitution of the United States; the federal Administrative Procedures Act, 5 U.S.C. § 702; and the Constitution and laws of Virginia.

## **Standards of Review**

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). To survive dismissal, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Having reviewed the complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. To the extent Maines seeks to invoke the court's diversity jurisdiction, she has failed to demonstrate that complete diversity of citizenship exists between the parties as required by § 1332. To the contrary, the civil cover sheet indicates that the plaintiff is a resident of Virginia. Since the sole defendant is the Commonwealth of Virginia, diversity jurisdiction is lacking.

To the extent Maines seeks a writ of mandamus, this court does not have jurisdiction to grant mandamus relief against state entities. See In re Amin, 619 F. App'x 244 (4th Cir. 2015) ("Because Amin seeks a writ of mandamus against state officials, we lack jurisdiction over his petition.") (citing Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969)).

Plaintiff's complaint is also subject to dismissal under § 1915(e)(2)(B) for a number of reasons. First, to the extent the complaint could be construed to assert federal constitutional claims under 42 U.S.C. § 1983, neither the state nor an agency of the state is a "person" within the meaning of the statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-65 (1989). Moreover, the state is immune from liability under the Eleventh Amendment, as are state agencies. See Edelman v. Jordan, 415 U.S. 651, 663 (1974); Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).

Additionally, any claims brought under the federal Administrative Procedures Act ("APA") are subject to dismissal. The APA provides, in pertinent part, that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Such redress, however, is available only for actions taken by federal agencies. See 5 U.S.C. § 701(b)(1) ("'[A]gency' means each authority of the Government of the United States . . . ."); see also Southwest Williamson County Cmty. Ass'n v. Slater, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies."). Because Maines has filed suit against the Commonwealth of Virginia, rather than a federal agency, she is not entitled to relief under the APA.

Finally, plaintiff's complaint, even under the most liberal construction, fails to allege sufficient facts to state a plausible claim under any other federal statutory provision. Having determined that the complaint fails to state a claim under federal law and that diversity jurisdiction is lacking, the court declines to exercise supplemental jurisdiction over any remaining claims that Maines intended to assert under state law. See 28 U.S.C. § 1367(c).

4

## Conclusion

For the reasons stated, the court will grant Maines leave to proceed in forma pauperis. However, the complaint be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 14th day of October, 2016.

                                                             /s/ Glen Conrad
                                                        Chief United States District Judge

5

Case 3:16-cv-00075-GEC   Document 4   Filed 10/14/16   Page 5 of 5   Pageid#: 198